*original court* [handwritten]

FILED - LN
July 9, 2015 10:17 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY ___plw/___ SCANNED BY ___

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

David William Nail,

                Plaintiff,

                                      CASE NO: 1:15-cv-00177
                                      Hon. Chief Judge Paul Maloney

-v-

Autumn Schrauben, et, al,

                Defendants.

___

**Plaintiff's Response And Objections With Memorandum In Support**
**To Defendant Roderick's Motion To Dismiss.**

I, David W. Nail Pro Se Plaintiff state under 28 U.S. 1746 - Unknown declarations (Affidavits) under penalty of perjury pursuant to the above federal Statute; that the following is true to the best of my knowledge and information that I have received and believe to be true.

1. It has been established that when a Plaintiff has set forth sufficient evidence to establish a genuine dispute over key material facts of a case then there is ground for trial and those facts have been established in the Plaintiff's complaint.

2. In the above captioned case at hand defendant Roderick; herein known as defendant Roderick or just Roderick has already been sued in the Eastern District of Michigan in case number 2:13-cv-14841 under the Racketeer Influence and Corrupt

1

Organizations Statute for his acts in his internet postings therefore answering Roderick's claim that the Long Arm of Michigan law protects him from suit is just plain frivolous and his claim is meritless and also moot in this case due to Roderick's willing submission to the U.S. District Courts jurisdiction and intentional knowing default in that case.

3. Furthermore although Federal Rule of Civil Procedure (FRCP) 12(b)(6) does permit a motion to dismiss for failure of the complaint to state a claim on which relief can be granted; it also provides thought established case law for a Plaintiff's amendment of the claims of his complaint as a procedural rule of the federal rules of civil and criminal procedure. This Plaintiff has already argued in previous litigation against the other defendants of this case that this case was served by Order of U.S. District Court Judge Jonker without a recommendation by Magistrate Brenneman as he was ordered to evaluate the Plaintiff's claims of his complaint and therefore pursuant to the original assigned Judge and Magistrate of this case there were no flaws in the Plaintiff's claims of his complaint for amendment while in converse the Plaintiff retains the right to amend his complaint in the advent that any such flaws of his complaint do arise.

4. Although Roderick argues the Plaintiff's claims are not in violation of the U.S. Constitution this claim just as his other claims is riddled with flaws and inaccuracies.

5. For one the Plaintiff requested on several occasions starting from 2012 to 2015 of Roderick and his codefendants Sara Shea and Brent Osterblad for the removal of the illegal Indiana sexual offender posting of the Plaintiff's name and information from their internet sites. The Plaintiff never received a response from any of them (defendants) on the Plaintiff's request for removal of the illegal Indiana posting from their internet sites.

6. However the Plaintiff did submit with his complaint a copy of Roderick's and his codefendant's postings on their internet sites that they world not accept a request for removal from any individual other than a licensed attorney. While the Plaintiff did claim within his complaint, and which can be fairly inferred from that complaint that a denial of any individual to represent themselves is a violation of ones U.S. Constitutional rights.

7. As both State and Federal Courts are well aware that a citizen of the U.S. has the absolute right to represent themselves in any and all matters of their own personal interest and in a court of law and Roderick and his codefendant's deprived this Plaintiff and all other individuals that are impacted by his internet sites postings of that U.S. Constitutional right of self-representation when they force an individual to retain a license attorney to have Roderick and his codefendants even consider a request for removal from their internet sites. This above act is verified by his own internet sites postings validate this Plaintiff's claim that Roderick has violated this Plaintiff's and other individuals U.S. 14th Amendment rights to due process in ones right to self representation.

8. While in converse Roderick makes claims that he has immunities from this suit the Plaintiff states that this claim is without any merit at all as this Plaintiff reiterates Roderick and his codefendants willingly defaulted in the Eastern District of Michigan case of 2:13-cv-14841 and Roderick also settled with Major David Ellis in his suit against Roderick and his codefendants of Sara Shea and Brent Osterblad (herein reference is made to all three when Roderick is mentioned).

9. While the U.S. first amendment provides for freedom of speech it does not protect from slander, defamation and libel. In the case at hand due to Roderick's refusal to

acknowledge the Plaintiff's personal request for removal from his internet sites he and his cohorts posted false information about the Plaintiff that had originally been illegally posted by Brent Meyers of the Indiana Department of Corrections (IDOC) on their internet site and then Roderick refused to even consider removing any information unless he were contacted by a licensed attorney about their internet postings. While in converse the IDOC posting that Roderick used to place he Plaintiff on his businesses internet site never was accurate or sustainably true.

10. Roderick's refusal to communicated with this Plaintiff on this very issue was and intentional refusal to remove false information by cohesion of this Plaintiff to pay more money to obtain an attorney which intentionally continued the harm done to the Plaintiff by and through Roderick's illegal postings; whereas this Plaintiff claims he has an absolute U.S. Constitutional right to represent himself and Roderick denied this Plaintiff that right and then continually ran his false and illegal sexual offender internet posting as a cohersive tool to force this Plaintiff to an un-wanted an un-needed cost just to comply with his illegal acts against this Plaintiff in his fraudulent sexual offender internet postings.

11. Therefore Roderick has violated this Plaintiff's U.S. Constitutional rights as so stated in the Plaintiff's complaint.

12. Furthermore, Roderick states right on his internet sites as so illustrated in the Plaintiff's submitted exhibits with his complaint that Roderick continues to run sexual offender information even after a State or U.S.Federal agency has removed that punishment from an offender.

13. Roderick's claim that the public has a right to know is terminated right after any State in the United States or Federal Government removes that information from their States sexual offender postings and therefore Roderick has reapplied that punishment in the continuation of the original State or Federal Courts sentence by intentionally reposting sexual offender postings that have expired the original sentence guidelines and reinstated a (court) cost for handling in an individuals request to have that information removed from his internet sites after retaining an attorney.

14. Plain and simple Roderick illegally has extended an individuals sentence and court cost without any local, State or U.S. Federal authority as the public's right to know is terminated when a State or U.S. Federal authority removes sexual offender information from their public internet postings.

15. In plain and simple language Roderick has introduced a "legal" process by refusing to hear individuals and this Plaintiff's request to have their information removed from his internet sites unless they retain an attorney to do so and then he has added a "court cost" by forcing individuals and this Plaintiff's to pay to have their information removed from his internet sites by retaining an attorney to communicate with Roderick in their request to have him take down the information he has posted.

16. Therefore Roderick has presented himself to the public across the complete United States as well as foreign countries as a legal entity without actually having any local, State or Federal authority by reinstating expired sexual offender registration information that the Federal Government as well as the several States of the United States has already determined was no longer to be provided to the public under the right to now doctrine due to a conviction.

17. Although Roderick presents arguments that he has a right to repost sexual offender information the State and Federal law requires that an individual only be subject to the terms of conviction and probation and anything that falls out side those guidelines is a violation of this Plaintiff's and other individuals U.S. 14th Amendment due process Constitutional rights.

18. Therefore the question becomes where does Roderick get the authority to extend this Plaintiff's sentencing guidelines especially when the Plaintiff was never required to register in the first place?

19. The Plaintiff states that without a court specifically ordering at sentencing that sexual offender registration information can be reposted and cost accessed after the original courts sentencing and probation requirements has expired, any reposting and required cost for removal by a non judicial party would be a violation of this Plaintiff's and other individuals U.S. Constitutional rights by Roderick's illegal implementation to an invalid continuation of the original Courts sentencing.

20. This Plaintiff states that Roderick has no First Amendment immunities to posting false sexual offender information about this Plaintiff on his Internet sites just because he intentionally refused to grant this Plaintiff his absolute U.S. Constitutional rights to self-representation.

21. The fact remains that Roderick had a duty to make sure the information that he received was accurate and true and when Roderick seen that the information posted by the IDOC was from another States prosecution (Michigan) he had a duty to check with Michigan to find out if the IDOC posting was substantially true and accurate. Which was an act that Roderick did not do or he would have been made aware from Michigan that

this Plaintiff never committed a crime that required the IDOC to post this plaintiff on its violent sexual offender registry list.

22.     While in converse Roderick has presented other arguments in his Motion to dismiss which are not applicable based on the simple facts that the only reason that Roderick did not know the IDOC sexual offender posting was illegal and morally wrong was due to Roderick's intentional acts of refusing to let this Plaintiff request to have the information that he had received from the IDOC removed nor did he check with the convicting State of Michigan to see if what the IDOC (Brent Meyers) had posted was substantially true and accurate.

23.     The information that Roderick posted "was not substantially true" as Roderick claims in his Motion to dismiss and as stated above the only reason he did not know that fact was due to his refusal to communicate with this Plaintiff by denying the Plaintiff his U.S. Constitutional right to self representation which is a point that the Courts of the United States know full well that they must honor whereas Roderick does not seem to think applies to this Plaintiff and the other individuals he posts on his internet sites.

24.     Even though Roderick is an Arizona resident he broadcasts his Internet sexual offender postings in every state of the United States as well as in other Countries. Therefore Roderick is subject to suit in and from any litigant of every State of the United States (and some countries) that he affects due to taking money and transacting business across State lines in every State of the United States.

25.     Therefore Roderick being an Arizona resident does not protect Roderick from this federal law suit in Michigan; furthermore Roderick has already acknowledged that the U.S. District Court in Michigan has jurisdiction over him when he intentionally defaulted

in the Eastern District of Michigan case (2:13-cv-14841) which establishes that Roderick is well aware the Michigan U.S. District Court has jurisdiction over him in and in all State and Federal Claims of this Plaintiff's complaint.

26. Whereas defendant Roderick has presented several claims of defense in his Motion to Dismiss of which he knows are not applicable to this case since he has already been sued and lost several times on very much the same claims of wrongfully posting individuals and this Plaintiff's information on his businesses internet sites.

27. Whereas had Roderick never charged for the removal of this Plaintiff's and other individuals information to be removed from his sites he may have been within the Publics right to know law; whereas when he charged a fee for the removal of the Plaintiff's and other individuals information he personally made a decision that the public no longer had a right to know and therefore was operating as a local, State or Federal judicial agency and falsely presenting himself to the public as such an entity.

28. While Roderick presents that he is immune from this suit based on what the courts have stated about jurisdiction based on a website Roderick fails to present that he is doing business across the State lines which makes him subject to the jurisdiction of the State in which he does monetary transactions and therefore he and his internet businesses fall under the Federal Racketeer Influence and Corrupt Organizations Statute, of which made him subject to the Eastern District of Michigan case of 2:13-cv-14841. Therefore Roderick is not immune to a federal civil suit in the Western District of Michigan.

29. In conclusion Roderick and his cohort's internet business are committing crimes against this Plaintiff's U.S. Constitutional 14th Amendment due process rights and his internet business posting proves this charge.

30. Therefore Roderick and his cohorts of Sara Shea and Brent Osterblad should not be dismissed from this suit and in fact this Motion of Roderick's should be flatly denied.

**RELIF REQUESTED:**

A. **That for all the above reasons so presented within this response and objection and those set forth within the Plaintiff's complaint that Roderick's Motion to dismiss is denied with prejudice.**

*[signature]*
**David W. Nail**
**185 North Behnke Road,**
**Coldwater, Mi, 49036**
**Phone (517) 227-8017**

7/7/2015
Date