UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID NAIL,

        Plaintiff,                                Hon. Janet T. Neff

v.                                                Case No. 1:15-CV-177

AUTUMN SCHRAUBEN, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated the present action on February 18, 2015, against Autumn Schrauben, Penny Adams, Amy Hutchins, Charles Rodrick, Brent Oesterblad, Sarah Shea, Web Express, LLC, and an unknown entity doing business as offendex.com. Plaintiff asserts various claims concerning his allegedly improper placement on a sex offender registry. As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this review, the undersigned recommends that Plaintiff's claims against Defendants Schrauben, Adams, and Hutchins be dismissed for failure to state a claim.

## LEGAL STANDARD

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

**ANALYSIS**

The genesis of the present action lies in a previous action Plaintiff filed in this Court. On December 11, 2012, Plaintiff filed an action against Brent Myers, Penny Adams, Bruce Lemmon, and Autumn Schrauben. *Nail v. Myers*, case no. 1:12-cv-1345 (W.D. Mich.). Plaintiff alleged that as a result of Defendants' various actions and inactions he was improperly placed on a State of Indiana sex offender registry. Plaintiff's claims were subsequently dismissed. *Nail v. Myers*, case no. 1:12-cv-1345, dkt. #13, 15, 90, 96 (W.D. Mich.). Plaintiff initiated the present action against numerous individuals and entities, including Autumn Schrauben, Penny Adams, and Amy Hutchins. Plaintiff alleges that during the course of his previous lawsuit, Defendants Schrauben, Adams, and Hutchins refused to respond to "written interrogatories." Plaintiff alleges that this alleged failure violated his Fourteenth Amendment right to due process.

During the course of the previous action, Plaintiff moved the Court to compel Schrauben, Adams, and Hutchins to respond to "written interrogatories."[1] *Nail v. Myers*, case no. 1:12-cv-1345, dkt. #45 (W.D. Mich.). By the time Plaintiff filed his motion to compel, Schrauben and Adams had been dismissed from the case. *Nail v. Myers*, case no. 1:12-cv-1345, dkt. #15 (W.D. Mich.). Hutchins was not a party to the previous action. Only parties can be compelled to respond to interrogatories. *See, e.g., Solomon v. Michigan State Police*, 2010 WL 3475730 at *2 (W.D. Mich., Sept. 2, 2010) (non-party

---

[1] There appears to be an issue whether the discovery in question is properly characterized as "interrogatories" or a "deposition by written question." These are two distinct types of discovery governed by separate rules. Depositions by written question are addressed by Federal Rule of Civil Procedure 31 whereas interrogatories are governed by Federal Rule of Civil Procedure 33. The confusion results from Plaintiff referring to the discovery in question as "interrogatories" submitted pursuant to Rule 31. While the two types of discovery may, at first glance, appear to be similar there exists a very important distinction between the two forms of discovery. While interrogatories need only be served on the parties, formal notice must be given to all parties before a deposition by written question can occur. Fed. R. Civ. P. 5, 31, 33. Moreover, unlike with interrogatories, the party seeking to conduct a deposition by written question must serve on every other party the proposed questions and all other parties must be afforded the opportunity to submit questions to the deponent. Fed. R. Civ. P. 31. Plaintiff neither alleged nor demonstrated that he complied with the requirements of Rule 31. Accordingly, the Court interpreted the discovery in question as interrogatories governed by Rule 33.

cannot be compelled to answer interrogatories); *Ward v. Empire Vision Centers, Inc.*, 262 F.R.D. 256, 261 (W.D.N.Y. 2009) ("the federal rules provide that interrogatories may only be served upon parties to the lawsuit"); *Payne v. Belgarde Property Services, Inc.*, 2012 WL 5986537 at *7 (D.S.D., Nov. 29, 2012) ("non-party witnesses need not answer interrogatories"). Accordingly, the Court denied Plaintiff's motion to compel because Schrauben, Adams, and Hutchins were no longer, or never had been, parties in the case. *Nail v. Myers*, case no. 1:12-cv-1345, dkt. #64 (W.D. Mich.).

Pursuant to the Due Process Clause of the Fourteenth Amendment, before depriving an individual of life or a constitutionally protected liberty or property interest the state must afford the individual with notice and an opportunity to be heard. *See Brentwood Academy v. Tennessee Secondary School Athletic Association*, 442 F.3d 410, 433 (6th Cir. 2006), *rev'd on other grounds*, 127 S.Ct. 2489 (2007). The Due Process Clause is not implicated by any and every deprivation of liberty or property, but instead applies only where an individual has been deprived of a *constitutionally protected* liberty or property interest. *See Brentwood Academy*, 442 F.3d at 433.

Plaintiff's due process claims fail for at least three reasons. First, as discussed above, Schrauben, Adams, and Hutchins had no obligation to respond to the discovery in question. Second, Plaintiff was not deprived of a constitutionally protected liberty or property interest. Third, even if such were the case, Plaintiff had the opportunity, in the context of the previous action, to be heard on the matter. Plaintiff's failure to take advantage of this opportunity hardly equates with a denial of due process. The undersigned, therefore, recommends that Plaintiff's claims against Defendants Schrauben, Adams, and Hutchins be dismissed.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's claims against Defendants Schrauben, Adams, and Hutchins be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  January 22, 2016

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge