UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID NAIL,

        Plaintiff,                           Hon. Janet T. Neff

v.                                         Case No. 1:15-CV-177

AUTUMN SCHRAUBEN, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

       Plaintiff initiated the present action on February 18, 2015, against Autumn Schrauben, Penny Adams, Amy Hutchins, Charles Rodrick, Brent Oesterblad, Sarah Shea, Web Express, LLC, and an unknown entity doing business as offendex.com.  Plaintiff asserts various claims concerning his allegedly improper placement on a sex offender registry.  As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Having conducted this review, the undersigned recommends that Plaintiff's claims against Defendants Rodrick, Oesterblad, Shea, and Web Express be dismissed for failure to state a claim.


## LEGAL STANDARD

       A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 545 (2007).  The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

-2-

<u>**ANALYSIS**</u>

**I.          Defendant Web Express, LLC**

While Plaintiff identifies Web Express, LLC as a defendant in his complaint, Plaintiff's complaint contains no factual allegations against Web Express. To avoid dismissal, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. He must likewise articulate facts sufficient to allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 677-78. Where a plaintiff names an entity as a defendant, but fails to make any factual allegations against that entity, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See, e.g., Iqbal*, 556 U.S. at 677-78; *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir., July 22, 2002). Accordingly, the undersigned recommends that Plaintiff's claims against Defendant Web Express, LLC be dismissed.

**II.          Defendants Rodrick, Oesterblad, and Shea**

In his complaint, Plaintiff alleges that, Brent Meyers, a State of Indiana official, incorrectly identified Plaintiff as a sex offender on an official State of Indiana website. (Dkt. #1 at ¶¶ 9-10). Plaintiff further alleges that Defendants Rodrick, Oesterblad, and Shea (collectively "Defendants") violated his rights under both federal and state law by "reposting," on one or more websites, the inaccurate information originally published by Brent Meyers. (Dkt. #1 at ¶¶ 9-11, 17). Plaintiff also alleges that Defendants refused his requests to remove the offending information from their websites thereby violating his federal constitutional rights. (Dkt. #1 at ¶¶ 12-20).

A.      Plaintiff's Federal Law Claims

Plaintiff asserts various claims that Defendants violated his federal constitutional rights. To prevail on such claims, Plaintiff must establish that his rights were violated by a state actor or someone acting under color of state law.  *See* 42 U.S.C. § 1983; *Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 827 (6th Cir. 2007).  Plaintiff does not allege that Defendants Rodrick, Oesterblad, and Shea are state actors.  Nevertheless, the actions of private individuals can constitute state action where the private individual's conduct "is fairly attributable to the state."  *Lindsey*, 484 F.3d at 827.

The Sixth Circuit has articulated three separate tests for determining whether conduct taken by a private individual constitutes state action: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test.  *Id.* at 827-28.  Plaintiffs allegations are insufficient to satisfy any of these standards.  Defendants are not state actors under the public function test because they are not alleged to have exercised "powers traditionally exclusively reserved to the State." *Id.* at 828.  Defendants are not state actors under the state compulsion test because there is no allegation that the state "exercise[d] such coercive power or provide[d] such significant encouragement" that "the choice of the private actor is deemed to be that of the state."  *Wilcher v. City of Akron*, 498 F.3d 516, 519-20 (6th Cir. 2007).  Finally, Defendants are not state actors under the symbiotic relationship or nexus test because there is no allegation that "there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself."  *Id.* at 520.  The undersigned, therefore, recommends that Plaintiff's federal law claims against Defendants Rodrick, Oesterblad, and Shea be dismissed.

B.       Plaintiff's State Law Claims

Section 230 of the Communications Decency Act (CDA) provides, in relevant part, that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The term "interactive computer service" is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2). This definition encompasses "broadband providers, hosting companies, and *website operators*." *Jones v. Dirty World Entertainment Recordings, LLC*, 775 F.3d 398, 406 n.2 (6th Cir. 2014) (emphasis added).

Simply stated, § 230 of the CDA "bars lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions - such as deciding whether to publish, withdraw, postpone or alter content." *Id.* at 407. It has been recognized that the immunity afforded by § 230 of the CDA "marks a departure from the common-law rule that allocates liability to publishers or distributors of tortious material written or prepared by others." *Id.* As courts also recognize, "Congress, however, decided to treat the Internet differently." *Id.* Courts are instructed to interpret "broadly" the immunity afforded by § 230 and "close cases. . .must be resolved in favor of immunity." *Id.* at 408. Moreover, the immunity afforded by § 230 extends to state law claims as well. *See* 47 U.S.C. § 230(e)(3) ("[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section").

The immunity afforded by § 230, however, is not without limits. While a provider of an "interactive computer service" is generally entitled to immunity, as noted above, such is not the case

where the provider of an "interactive computer service" is also deemed to be an "information content provider" vis-a-vis the content in question.  *Id.*  An "information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  47 U.S.C. § 230(f)(3).  Stated differently, "immunity under the CDA depends on the pedigree of the content at issue."  *Jones,* 775 F.3d at 409.  Accordingly, if a website operator is merely displaying or allowing access to information or content from a separate and distinct "information content provider," the website operator enjoys immunity.  *Id.*  On the other hand, immunity is not available if a website operator is "responsible, in whole or in part, for the creation or development of [the] information" in question.  *Id.*

Plaintiff does not allege that Defendants *created* the information identifying Plaintiff as a sex offender.  Thus, the question becomes whether Defendants can be said to have *developed* the objectionable information.  In this context, development considers what, if anything, the website provider did with or to information created by or obtained from a third party.  *Id.* at 409-11.  To constitute development, the website provider must do more than display or allow access to content created by a third party.  *Id.* at 410.  Even "augmenting" the content in question does not constitute development.  *Id.*  To constitute development, the website provider must take action which "contributes materially to the alleged illegality" of the conduct or content.  *Id.*  As the Sixth Circuit has held:

> A material contribution to the alleged illegality of the content does not mean merely taking action that is necessary to the display of allegedly illegal content.  Rather, it means being responsible for what makes the displayed content allegedly unlawful.

*Id.*

Plaintiff does not allege that Defendants made the determination that Plaintiff was a sex offender or reported, posted, or otherwise published such in the first instance.  Plaintiff likewise does

not allege that Defendants modified, edited, or otherwise altered the information in question.  Instead, Plaintiff merely alleges that Defendants operated a website which posted, or directed individuals to, information created by a third party.  Plaintiff alleges that this conduct constitutes various torts under state law.  As discussed above, however, Defendants enjoy immunity from such claims.  Accordingly, the undersigned recommends that Plaintiff's state law claims against Defendants Rodrick, Oesterblad, and Shea be dismissed.


## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's claims against Defendants Rodrick, Oesterblad, Shea, and Web Express, LLC be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2).  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  January 22, 2016                          /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge