UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WILLIAM NAIL,

    Plaintiff,                                        Case No. 1:15-cv-177

v.                                               HON. JANET T. NEFF

AUTUMN SCHRAUBEN, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

Plaintiff initiated this civil rights action in February 2015. The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 (Dkt 21). On January 22, 2016, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's due process claims against Defendants Schrauben, Adams and Hutchins be dismissed for failure to state a claim upon which relief can be granted (R&R, Dkt 87). The Magistrate Judge also issued a Report and Recommendation recommending that Plaintiff's claims against Defendants Rodrick, Oesterblad, Shea and Web Express, LLC be dismissed for failure to state a claim (R&R, Dkt 88). The Magistrate Judge indicated that any objections "must be filed with the Clerk of Court within fourteen (14) days" (R&R, Dkt 87 at 5; R&R, Dkt 88 at 7). The matter is presently before the Court on Plaintiff's February 5, 2016 filing, which was docketed by the Clerk's Office as his objections to the Reports and Recommendations (Dkt 91). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Reports and Recommendations to which objections have been made. For the following reasons, the Court denies

the objections and issues this Opinion and Order.

In his February 5, 2016 filing, Plaintiff argues that the Magistrate Judge acted "without authority or jurisdiction" (Dkt 91 at 2-3). Specifically, Plaintiff asserts that the Magistrate Judge lacked authority or jurisdiction to issue the Reports and Recommendations because of Plaintiff's then pending "Motion for Reconsideration and Petition to Transfer Jurisdiction" (Dkt 41), in which Plaintiff sought reconsideration of an administrative order assigning this case to the undersigned.

Plaintiff's argument lacks merit.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Court's jurisdiction in the present case is derived from 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1367, which grants "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." The propriety of a court's internal case reassignment, even if successfully challenged by a litigant, is simply irrelevant to the jurisdictional determination. *See Decatur v. Paulding*, 39 U.S. 599, 600 (1840) (explaining that if the courts "can act upon it judicially, their errors however apparent, their proceedings, inverso ordine, or contrary to law, have no effect on their jurisdiction, or the validity of its exercise"). The Court undisputedly possessed jurisdiction and authority to refer this matter to the Magistrate Judge for issuance of the Reports and Recommendations.

Plaintiff does not otherwise address, let alone pose a meritorious challenge to, the Magistrate Judge's analyses of his claims. The Court determines that the Magistrate Judge properly conducted the review of Plaintiff's Complaint required by 28 U.S.C. § 1915(e)(2) and properly concluded that

Plaintiff's allegations fail to state a claim upon which relief can be granted. Plaintiff's objections are therefore denied.

Because this Opinion and Order resolves the last pending claim in this case, the Court will also enter a Judgment. *See* FED. R. CIV. P. 58. Plaintiff is proceeding *in forma pauperis*, and this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 91) are DENIED, and the Report and Recommendation (Dkt 87) is APPROVED and ADOPTED as the Opinion of the Court; specifically, Plaintiff's claims against Defendants Schrauben, Adams and Hutchins are DISMISSED for failure to state a claim.

**IT IS FURTHER ORDERED** that the Objections (Dkt 91) are DENIED, and the Report and Recommendation (Dkt 88) is APPROVED and ADOPTED as the Opinion of the Court; specifically, Plaintiff's claims against Defendants Rodrick, Oesterblad, Shea and Web Express, LLC are DISMISSED for failure to state a claim.

Dated: February 12, 2016

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge